IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATE KING, KRISTIN KING-
FOURNIER, DAVID KING, JR., and WNB
FINANCIAL NATIONAL ASSOCIATION,
*as Trustee of the David F. King Trust*,

      Plaintiffs-Appellees,                                        Case No. 6:24-cv-1200-MC
                                                                          Case No. 6:24-cv-1214-MC

            v.                                             OPINION AND ORDER

SANDRA L. KING,

      Defendant-Appellant.
_____

MCSHANE, Judge:

      Defendant-Appellant Sandra L. King ("King") appeals the final decision of the U.S.

Bankruptcy Court for the District of Oregon granting Plaintiffs-Appellees' Motion for Summary

Judgment. Br. Appellant, ECF No. 9.[1] This Court has jurisdiction under 28 U.S.C. § 158. Because

the bankruptcy court neither erred nor abused its discretion in granting summary judgment to

Appellees, the Bankruptcy Court's judgment is AFFIRMED.

## BACKGROUND

      In 2005, King was appointed trustee of the David F. King Testamentary Trust ("DFK

Trust" or "Trust"), following her husband's death. Appellant E.R. 141, ECF No. 9.1. As trustee,

_____

[1] Unless otherwise specified, ECF Nos. in this Opinion & Order refer to the corresponding docket numbers in case
6:24-cv-1200-MC.

King received net income from the Trust during her lifetime. *Id.* at 143. The husband's Will stated, upon King's death, the remaining corpus of the trust would pass to her husband's children from a prior marriage ("King Kids"). *Id.*

In 2011, the King Kids filed a lawsuit against King in Jackson County, alleging misuse of funds from the DFK Trust. *Id.* at 164. In response, the court issued an 18-page opinion to address the claims. *Id.* at 191–208. The court concluded that Nevada state law governed, and under Nevada state law, King had breached the Trust. *Id.* at 194. In summary:

> Trustee by and large treated the assets of the Trust as her own without regard to whether those assets were to be treated as income or principal, she entered into a number of poorly secured or totally unsecured large insider transactions that constituted per se breaches of trust under Nevada law, she failed to properly and timely account and she generally ignored or was completely oblivious to the rights of [the King Kids] and the fiduciary duties she owed them as contingent remainder beneficiaries of the DFK Trust.

*Id.* at 207. In a limited judgment, the court ordered Winona National Bank to replace King as trustee of the DFK Trust. *Id.* at 216. King was found to be personally liable and ordered to pay attorney fees. *Id.* at 216, 223–24.

In 2018, following an appeal from King, the Oregon Court of Appeals found "the trial court did not err in determining that Nevada law applied and that, under that law, the trustee breached the trust." Appellee E.R. 231, ECF No. 12-2. WNB, as new trustee, was ordered to "apply income it is holding and future income it collects to the payment of attorney fees owed to the [King Kids' attorneys]." *Id.* at 246.

On June 28, 2019, King filed for chapter 7 bankruptcy. *Id.* at 15. Shortly after, WNB filed an adversary proceeding seeking to except the state court judgments from discharge under 523(a)(4) and the King Kids filed a 523(a)(4) claim seeking a judgment denying discharge of the amounts due under the limited judgment. Appellee Resp. Br. 12, 22, ECF No. 12. After multiple

proceedings, the parties filed cross-motions for summary judgment. *Id.* The Bankruptcy Court granted summary judgement for the King Kids and WNB, King now appeals to this Court. *Id.* at 22–23.

## STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo. *In re Filtercorp, Inc. v. Gateway Venture Partners III, L.P.*, 163 F.3d 570, 576 (9th Cir. 1998). On appeal of a grant of summary judgment, this Court must determine whether any genuine issues of material fact exist and whether the Bankruptcy Court correctly applied the relevant substantive law. *Id.* at 578. An issue is "genuine" if a reasonable jury could find in favor of the nonmoving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* This Court views evidence in the light most favorable to the nonmoving party. *In re Filtercorp*, 163 F.3d at 578. But the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to avoid summary judgment. *Anderson*, 477 U.S. at 252. Uncorroborated allegations and "self-serving testimony" are also insufficient. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

## DISCUSSION

The issues before this Court are (1) whether the Bankruptcy Court erred in determining the King Kids have standing to bring a 523(a)(4) claim, (2) whether the Bankruptcy Court erred in granting summary judgment for the King Kids based on its conclusion of defalcation under 11 U.S.C § 523(a)(4), and (3) whether the Bankruptcy Court erred in granting summary judgment for WNB on the issue of recoupment.

## I.     Standing

Only "the creditor to whom such debt is owed" may bring a § 523(a)(4) claim for exceptions to discharge. 11 U.S.C. 523(c)(1). Under the Bankruptcy Code, the term creditor is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]" 11 U.S.C. § 101(10). A claim means "right to payment . . . or right to an equitable remedy for breach of performance[.]" 11 U.S.C. § 101(5). Here, the King Kids had a claim against King before the judgment was issued by the state court. Additionally, under Nevada state law, trustees and beneficiaries are authorized to petition the court on any aspect of the trust, including compelling redress of a breach of trust. NRS 153.031. King provides no justification on why the King Kids, as remainder beneficiaries, would not be deemed creditors or have a valid claim.

King argues that allowing the King Kids to bring the adversary claim is prejudicial, since she must address those claims in addition to Winona Bank's claims as the Trustee. Appellant Br. 20. King's attorney, however, acknowledges that "the allegation as to the 523 [claims] are nearly identical. The key documents are identical." Appellant E.R. 408. Additionally, Judge Renn confirmed that "the adversary proceedings and the facts have significant overlap in these two adversary proceedings." Appellant E.R. 325. The Court agrees that there is significant, if not identical, overlap on the key issues in dispute and finds no prejudice here. The Bankruptcy Court correctly concluded that Appellees have standing under both bankruptcy law and Nevada state law.

## II.     Defalcation

Under 11 U.S.C. § 523(a)(4), if a debtor commits fraud or defalcation while acting in a fiduciary role, the debt can be excluded from discharge. To prevail, the Court must find "(1) an

express trust existed, (2) the debt was caused by fraud or defalcation, and (3) the debtor acted as a fiduciary to the creditor at the time the debt was created." *Banks v. Gill Distrib. Ctr.'s, Inc.*, 263 F.3d 862, 870 (9th Cir. 2001). It is undisputed that the first and third elements have been met. *See* Appellant Br. 23. The only issue is whether the debt was caused by defalcation.

The Supreme Court interprets defalcation to require "an intentional wrong" or "reckless conduct." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273–74 (2013). Where actual knowledge of wrongdoing is lacking, a court considers conduct the fiduciary "consciously disregards (or is willfully blind to) a substantial and unjustifiable risk that his conduct will turn out to violate a fiduciary duty." *Id.* at 274 (internal quotations omitted).

This federal standard for defalcation aligns with Nevada's definition of breach of trust, which the state court applied in evaluating King's conduct. Appellant E.R 194. In Nevada, breach of trust is defined as "committed intentionally, with gross negligence, in bad faith, or with reckless indifference to the interest of the beneficiary[.]" NRS 163.160(3)(a). Directly after finding King's actions constituted breach of trust under Nevada state law, the court rewarded Petitioner's with money damages. Appellant E.R. 207. Because Nevada's breach of trust requires, at the very least, a finding of reckless indifference, the conclusions from the state court were sufficient for the Bankruptcy Court to correctly find defalcation.

Additionally, section 6.3 of the Will at issue expressly provided that "[n]o individual Trustee hereunder shall be liable for any loss to any trust or any beneficiary caused by any act or omission of such Trustee *other than a willful breach of trust*." Appellant E.R. 147 (emphasis added). In holding King personally liable, the state court concluded that King acted recklessly. In the 18–page opinion, however, Judge Gerking did not simply lump all the claims together and hold King personally liable for all the breaches. Instead, Judge Gerking separately analyzed the

alleged breaches of trust and the relevant circumstances. Some of King's actions as Trustee constituted breaches solely because Nevada law prohibited self-dealings by Trustees. Other actions were breaches of trust due to King's negligence. Finally, some of King's actions constituted reckless breaches of trust. Judge Gerking only found King personally liable for the latter.

For instance, with respect to the Maple Grove Property Loan, Judge Gerking explicitly concluded that King's "actions *were not reckless or grossly negligent* or worse and that Nevada's Prudent Investor Rule was not violated." Appellant E.R. 198 (emphasis added). Similarly, with respect to the Hamilton Road Property Loan, Judge Gerking found that King believed her improvements to the property would improve the value of the property. Appellant E.R. 198. Although Judge Gerking concluded the loan constituted a breach of trust under the Nevada statute prohibiting a Trustee from self-dealings, because King did not act in a reckless or grossly negligent manner in respect to this loan, she "has no liability to Petitioners under the Prudent Investor Rule for essentially the same reasons I found that she had no liability for the Maple Grove loan." Appellant E.R. 199.

> In contrast, King's actions with respect to the Winery Loan was "more problematic:" In evaluating the nature of this unsecured investment in the context of the Prudent Investor Rule, it would have to be viewed as risky from the outset. Further, based on the evidence, the Trustee did little or nothing to manage or protect the loan funds. Neither did she manage the loan funds solely in the interest of the beneficiaries as required by NRS 164.715; in fact, assets of the business were sold off to pay down debt without any concern for this obligation. By a preponderance of the evidence, I find that there is no reasonable expectation that this debt will be paid and, at the very least, this was the result of Trustee's *reckless indifference* to the interests of Petitioner. Accordingly, I find in favor of Petitioner's on this aspect of their claim in the amount of $180,000.

Appellant E.R. 200 (emphasis added).

To the extent there is any ambiguity with respect to the state court rulings, the Court notes again that section 6.3 of the Will provided that "[n]o individual Trustee hereunder shall be liable for any loss to any trust or any beneficiary caused by any act or omission of such Trustee *other*

*than a willful breach of trust*." Appellant E.R. 147 (emphasis added). Additionally, under Nevada law, personal liability for breach of trust is permitted only for actions "committed intentionally, with gross negligence, in bad faith, or with reckless indifference to the interest of the beneficiary[.]" NRS 163.160(3)(a). Judge Renn pointed to both of those provisions when finding the state court rulings supported a finding of defalcation. Appellant E.R. 334. If King believed the state court erred by finding her personally liable for merely negligent conduct, that argument had to be made before the Oregon Appellate Courts, not the Bankruptcy Court. The Bankruptcy Court did not err in concluding that the state court found King personally liable for (at least) reckless conduct and, therefore, that defalcation applied.

### III.    Recoupment

"[R]ecoupment 'is the setting up of a demand arising from the *same transaction* as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim." *In re Straightline Investments, Inc.*, 525 F.3d 870, 882 (9th Cir. 2008) (quoting *Newbery Corp. v. Fireman's Funds Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996)). Courts, including the Ninth Circuit, have adopted the "logical relationship" test to determine whether claims arose from the same transaction. *In re Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 975 F.3d 926, 934 (9th Cir. 2020). The test asks whether the relevant rights being asserted against the debtor are "sufficiently logically connected to the debtor's countervailing obligations such that they may be fairly said to constitute part of the same transaction." *Id.* Courts should only apply the recoupment doctrine in bankruptcy cases when "it would be inequitable for the debtor to enjoy the benefits of that transaction without meeting its obligations." *Id.*

King first argues that the Bankruptcy Court did not have authority to determine if recoupment applied. Appellant's Reply Br. 6, 6:24-cv-1214-MC ECF No. 16. This argument

ignores the fact that Bankruptcy Court "determine[ed] that the state court's application of the trust income due to Defendant to satisfy any of the judgment amounts owed from Defendant would qualify as recoupment under bankruptcy law. . . . [M]y order declares that recoupment applies, and that no bankruptcy order prevents such recoupment. Further it is consistent with and respects the state court order referenced above." May 24, 2023 Bankruptcy Letter, 2; ECF No. 7-1, ER 552. Additionally, Judge Renn clarified that he "wasn't ordering that [recoupment] happen," but rather believed that "Judge Gerking already ordered it." April 6, 2023, Transcript, ECF No. 7-1, ER 494. Again, the Bankruptcy Court clarified "that the state court has the right to rule on and define the trust and the scope of the payments, including to limit or order those payments to be used to replenish the trust with amounts that are owed, and that the right of recoupment, if necessary, is available to the state court to make those determinations." March 16, 2023, Transcript, ECF No. 7-1, ER 479.

Second, King argues that recoupment is not applicable in this case because there is no logical relationship between the two transactions. *Id.* at 7. The two transactions at issue are (1) the debt King owes to the Trust for inappropriately receiving funds, and (2) King's claim for the income generated from the Trust. Appellee's Answering Br. 10, 6:24-cv-1214-MC ECF No. 14. Because the debt King owes is due to her mishandling of the DFK Trust principal that generated income, the two transactions are logically related. The Bankruptcy Court stated:

> The focus here on the test is the logical relationship. And I think my findings are that it's something in this particular case, *more than just the fact that we have a trust that's making payments and a beneficiary that's owed some money*.

> When I look at the basis from the judgment for the underlying rulings with respect to the specifics on the—the winery loan, the mineral royalty payments, the missing trust assets—*those are all assets that would constitute a principal of the trust which would then generate the income*.

> So I find that *there's a logical relationship between this income that's being distributed and a replenishment of those principal assets*. So it's more than just

trust to beneficiary; it's the findings with respect to these particular trust assets that would have been available to make—make these income distributions that the–the trustee is seeking a right to recoup.

March 16, 2023, Transcript, ECF No. 7-1, ER 478 (emphasis added).

     The Bankruptcy Court did not err in concluding the competing claims at issue arose from the same transaction.

## CONCLUSION

     The Bankruptcy Court's final decision is AFFIRMED.

IT IS SO ORDERED.

     DATED this 27th day of May, 2025.

_____/s/ Michael McShane_____
Michael J. McShane
United States District Judge
